LIBERTY MUTUAL INSURANCE COMPANY, Appellant, *v.* ELMER MURER et al., Defendants; PAUL CONSTANTINO, Respondent, JOHN R. WOOD, Appellant.

First Department, November 16, 1967.

*John Nielsen* of counsel (*Fogarty & Nielsen,* attorneys), for Liberty Mutual Insurance Company, appellant.

*Sidney Gaines* of counsel (*Norbert Ruttenberg* with him on the brief; *Friedlander, Gaines, Ruttenberg & Goetz,* attorneys), for John R. Wood, appellant.

*Edward J. Hart* of counsel (*Curtis, Hart & Munro,* attorneys), for respondent.

TILZER, J.   The issue is whether a policy of automobile insurance issued by plaintiff carrier to defendant Murer under the New York automobile assigned risk plan should be reformed to express the true agreement between the parties.   Paul Constantino, the defendant driver of the insured's car at the time it was involved in an accident, moved to dismiss the complaint on the ground that it failed to state a cause of action against him, asserting that the only remedy available to the plaintiff under the plan was to cancel the policy upon giving proper notice of termination.

On December 8, 1965, Murer applied to the assigned risk plan for insurance, his prior policy having been cancelled effective November 23, 1965.   In his application Murer stated that neither

he nor any operator of his vehicle had been in any accident with any vehicle within the previous 36 months. The statement was false. The vehicle owned by Murer was involved in an accident on November 28, 1965, the car being operated by defendant Paul Constantino at the time, and Murer being a passenger therein as well as defendant Anna Constantino. The latter has instituted an action against Murer and Paul Constantino. It is alleged that Paul Constantino was insured under a standard policy of automobile insurance which covered the automobile he was driving at the time of the accident.

The plan designated the plaintiff by notice dated December 8, 1965 and received by plaintiff December 10, to issue a policy of automobile insurance to Murer. Although the rules of the plan provided that the policy should have become effective as of Tuesday, December 14, 1965 (" policy or binder shall become effective 12:01 A.M. on the day following the second working day " after receipt of the designation by the insurer), it is alleged that through error on the plan's part the plaintiff was directed to and inadvertently issued a policy to Murer for the period commencing November 23, 1965. Reformation of the policy is sought so that it shall be effective as of December 14, 1965.

Plaintiff is not seeking an avoidance of the policy, but a reformation of its effective date so as to relieve it of an obligation to defend a pre-existing claim. Whether relief by way of reformation on the ground of mistake should be granted in the circumstances presents an issue of fact to be determined by the trial court. If there should be a reformation as to the effective date of the policy, its terms would apply to all persons claiming under the policy, including Paul Constantino.

The decisions in *Ætna Cas. & Sur. Co.* v. *O'Connor* (8 N Y 2d 359) and *Teeter* v. *Allstate Ins. Co.* (9 A D 2d 176) do not preclude, as a matter of law, reformation of a policy under the assigned risk plan. They do hold that the Legislature abrogated the common-law right of insurance companies to rescind policies issued under the plan and limited their remedy for fraud to cancellation. But while " cancellation was intended to be the sole means of terminating such contracts of insurance " (*Ætna Cas. & Sur. Co.* v. *O'Connor, supra,* p. 364), the statute did not deprive a court of equity of its power to declare the " true agreement between the parties." (*River Theatre Corp.* v. *Fidelity & Deposit Co.,* 90 N. Y. S. 2d 514, McNALLY, J., affd. 277 App. Div. 770.) Unlike *Ætna* and *Teeter,* the applicant for the insurance, Murer, did not approach the plan until 10 days after the accident and 15 days after his policy had been cancelled by

another insurance company. In these circumstances Paul Constantino could not rely upon the fact that Murer's car was properly insured with the plaintiff nor may it be said that it was the act of plaintiff in issuing its policy that made it possible for Murer's automobile to be registered and operated on the public highway at the time of the accident.

The order dismissing the complaint as to defendant Paul Constantino should be reversed, on the law, with $50 costs and disbursements to appellants, and the motion denied.

BOTEIN, P. J., EAGER, RABIN and McGIVERN, JJ., concur.

Order entered on January 26, 1967, unanimously reversed, on the law, with $50 costs and disbursements to appellants, and respondent's motion to dismiss plaintiff's complaint denied.